STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss:                            CIVIL ACTION
                                        DOCKET NO. CV-07-085


TOWN OF CASTINE,

        Plaintiff,

        v.                              **DECISION AND ORDER**

MAINE MARITIME ACADEMY,

        Defendant.


        The plaintiff, Town of Castine ("the Town") has filed
an action for a declaratory judgment.  The Town has asked
this Court to declare that the use proposed by the
defendant, Maine Maritime Academy ("MMA") of a property in
Village District III would violate the Town's zoning
ordinance.  The parties have agreed that a trial is
unnecessary and that this matter be resolved based solely
upon their respective briefing and exhibits submitted
therewith.

## BACKGROUND

        MMA is a public post-secondary school located in the
Town's Institutional Development District.  In 2007 it
purchased a property referred to as the Abbott House, which
is located across Battle Street from the MMA campus and is
within Village District III.  The house was purchased in
order to serve as a residence for the president of MMA.
The Town's zoning ordinance prohibits uses characterized as
"post-secondary schools" in Village District III and the
Town argues that this prohibits MMA's proposed use of the
Abbott House.

        The Town points out that the current residence of
MMA's president, the Wyman House, has historically been
used for more than residential purposes.  It notes that
during the past few years a number of receptions have been
hosted at the Wyman House, particularly receptions for
MMA's trustees.  MMA's president confirmed such uses in his
deposition testimony; however, he indicated that the Abbott
House would be used less for such purposes than the Wyman
House.  He indicated that MMA would continue to use the

1

Wyman House for some functions and that the Abbott House would be used more truly as a residence.

## DISCUSSION

The Town requests that this Court declare that "the use of the Abbott House by [MMA] solely as a residence for its president, or for any expanded [MMA] uses, is a violation of the Zoning Ordinance of the Town of Castine." Pl.'s Cmpl. at 3. The Town misconstrues the effect of the zoning ordinance in requesting such relief. If the Abbott House is used solely as a residence then its use is not institutional. A zoning ordinance restricts uses not ownership. *See* 83 Am. Jur. 2d *Zoning and Planning* § 156 at 174 (2003) ("Both zoning in general and 'uses' in particular focus on how a building or parcel of land is utilized, not upon who receives the benefit from that use."). MMA is no more restricted from owning and maintaining a residence in Village District III than any other person or entity. Therefore, the Court herein determines that use of the Abbott house solely as a residence for MMA's president does not violate the ordinance.

The Town also expresses concern that the Abbott House will be used more expansively by MMA, not just as a residence. Such concern by the Town is well-founded. The current president of MMA indicated during his deposition testimony that he believed that the Abbott House would be used more exclusively as a residence with many of the functions that have been historically held in his home continuing to be held in the Wyman House. However, the Town has good reason to be skeptical. In a document prepared by the current president to address some of the Town's concerns, he indicated that the move would permit MMA to "convert the [Wyman House] for use by alumni affairs, career services, cooperative education and cadet shipping offices." The document also indicated that the purchase of the Abbott House would free up space through the "conversion of the current president's house for office use." It is unclear how trustee receptions and other such functions could continue to be held in a building that had been converted into office space. Based upon such concern the Town has asked the Court to declare that expanded uses of the Abbott House for events such as trustee receptions violate the Town's zoning ordinance.

2

The Abbott House is located in Village District III where a strictly residential use is clearly permitted but where a post-secondary school use is clearly prohibited. The current use of the Wyman House falls somewhere in between. Any use by MMA of the Abbott House beyond that of a residence would be prohibited unless it was merely incidental or accessory to its use of the structure as a residence. The Town's zoning ordinance defines an accessory use as follows.

> A use...which is incidental and subordinate to the principal use or structure. Accessory uses, when aggregated shall not subordinate the principal use of the lot.

Zoning Ordinance of the Town of Castine, Article 15. The principal use of the Abbott House must be as a residence. The ordinance defines principal use as follows.

> A use other than one which is wholly incidental or accessory to another use on the same premises.

Zoning Ordinance of the Town of Castine, Article 15. Whether the use of the Abbott House as a place for MMA functions will be accessory or principal can only be determined through inquiry into the facts of specific uses. The Court is unable to make such an inquiry based upon the record before it.

> Thus, it can be seen that the application to a particular situation of the concept of accessory use or structure as defined by the instant zoning ordinance may often present and depend upon questions of fact for initial administrative determination by building inspectors and zoning board of appeals officials, even though the meaning of terms or expressions in zoning ordinances is a question of construction and one of law for the Court.

*Town of Shapleigh v. Shikles*, 427 A.2d 460, 465 (Me. 1981). This Court notes as a matter of law the Abbott House may be used as a residence for MMA's president as its principal use. Further, MMA may utilize the Abbott House for uses, which are accessory to its use as a residence. Just as any other homeowner in Village District III, MMA may entertain guests and hold parties at the house. This being said, there is a line that if crossed would result in a zoning

3

violation by MMA. If MMA's use of the Abbott House is more than accessory to its use as a residence then it will be in violation of the zoning ordinance. Determining exactly where the line between compliance and noncompliance lies depends on "questions of fact for initial administrative determination." *Id.* Adequate facts are not presently before the Court to make such a determination; therefore, the Court declines to declare that any specific use or uses constitute a zoning violation under the Town's ordinance.

The Court has also considered MMA's arguments that the Town's ordinance is invalid and that this case is not ripe for decision and finds them unavailing.

### CONCLUSION

The Court declares that the Town's zoning ordinance does not prohibit use of the Abbott House as a residence by MMA. The Court further declares that the Town's zoning ordinance prohibits non-accessory institutional uses of the Abbott House by MMA.

This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: January 13, 2009

Kevin M. Cuddy
Justice, Superior Court

RECEIVED & FILED

JAN 1 3 2009

HANCOCK COUNTY
COURTS

4